RCH:OO
F. #2022R00544

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE AND YOUTUBE CHANNEL ID UC3YHUGQHEEMIXGEQGSPM7MA AND ACCOUNT ID 351151253923 | **APPLICATION FOR A SEARCH WARRANT FOR INFORMATION IN POSSESSION OF GOOGLE LLC**<br><br>No.   22-M-705 |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, RYAN CHABOT, being first duly sworn, hereby depose and state as

follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant

under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google LLC

("Google"), a service provider headquartered at 1600 Amphitheater Parkway, Mountain

View, California, 94043, to disclose to the government records and other information

associated with the Google and YouTube account with Channel ID

UC3YHUGQHEEMIXGEQGSPM7MA and Account ID 351151253923, with username

"DeBoSki Gunn" (the "SUBJECT ACCOUNT"), including the contents of communications

and videos that are stored at premises owned, maintained, controlled, or operated by Google.

The information to be disclosed by Google and searched by the government is further

described in Section I of Attachment B.  Upon receipt of the information described in Section

I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since October 2017.  I am currently assigned to HSI's New York Field Office and, more specifically, to a squad that investigates human trafficking.  I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for sex trafficking and related offenses.  I have had significant training and experience investigating a wide range of crimes involving violence and threats of violence, including threats made by telephone, online and through other electronic means.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

4.      The facts in this affidavit come from my personal observations, my training and experience and information obtained from other agents and witnesses.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only.

5.      Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 875(c) (transmission of threats to injure), 115(a)(1)(B) (threatening to assault a

United States official) and 922(g) (felon in possession of a firearm and ammunition) (the "Subject Offenses") have been committed by CHRISTOPHER GUNN ("GUNN").  There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachments B.

## JURISDICTION

6.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that— has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.     The U.S. Attorney's Office for the Eastern District of New York and HSI's New York Field Office have been investigating Robert Sylvester Kelly, also known as "R. Kelly," (hereinafter, "Kelly") and others for their participation in a racketeering enterprise involving, among other things: bribery; extortion; the production of child pornography; transportation of women and girls across state lines to engage in illegal sexual activity, including sexual contact with individuals who were too young to consent to such activity under state law and failure to notify sexual partners of a sexually transmitted disease prior to engaging in sexual intercourse in violation of state law, and related substantive offenses; and for arranging for travel in interstate commerce with intent to promote, manage, establish, and carry on an extortion, in violation of state law.

8.     On September 27, 2021, Kelly was convicted in the U.S. District Court for the Eastern District of New York following a jury trial of racketeering involving

3

predicate racketeering acts of bribery, sexual exploitation of a child, forced labor and Mann Act violations.  See United States v. Robert Sylvester Kelly, Criminal Docket No. 19-286 (AMD) (E.D.N.Y.), Dkt. No. 238.  Jane Doe-1, Jane Doe-2 and Jane Doe-3 served as the Assistant United States Attorneys responsible for the federal prosecution of Kelly in the above-captioned matter.  On June 29, 2022, Kelly was sentenced to 360 months of imprisonment.

9.     GUNN is a resident of Bolingbrook, Illinois.  On the Internet, GUNN uses the aliases "DeBoSki Gunn" and "DeBoSki," to post content to various social media accounts, including YouTube using the SUBJECT ACCOUNT.

10.     As of at least September 2021, GUNN was aware of the federal investigation and prosecution of Kelly and discussed that investigation and prosecution in various social media content, including on YouTube using the SUBJECT ACCOUNT.  On September 3, 2021, records from the United States District Court for the Eastern District of New York indicate that "Christopher Gunn" signed an overflow courtroom attendance log to publicly view the trial of Kelly.  "Christopher Gunn" provided email address "Getserious@gmail.com" as his email address and telephone number (773) 849-1345 (the "1345 Number") as his telephone number.[1]

---

[1] Records obtained pursuant to a grand jury subpoena issued to Verizon Wireless reflect that the 1345 Number is subscribed to "Sara Remy" at 602 Cumberland Lane, Bolingbrook, IL, which investigating agents have determined is GUNN's residence. Open source and law enforcement database searches confirm that Sara Remy is the girlfriend of GUNN.  Additionally, open source and law enforcement database searches confirm the 1345 Number is used by GUNN.

11.     On or about October 4, 2021, GUNN narrated a video, titled "Get Real Familiar" (the "Video"), which was live-streamed on YouTube on the SUBJECT ACCOUNT, which belongs to GUNN.  The Video features a male voice (the "Male Voice"), who for the reasons stated below I have identified as GUNN, relating the following message:

> I want y'all to get real familiar with this building I'm about to pull up and show to you. …Imma show you exactly where we're gonna be going.  And we're gonna get real familiar with this building, and this building is gonna get real familiar with the enterprise, also known as Kellz Steppers…. We know who is going to stick to everything that I told you, which is that if Kellz goes down, everybody's going down.[2]

I believe that the reference to "Kellz" is a reference to Kelly.

12.     Approximately two minutes into the Video, GUNN states, in sum and substance and in relevant part: "You see this building right here? That building is located right outside of the courthouse where R. Kelly was being prosecuted at.  It's the first building on the corner.  That is the United States federal prosecution office."  GUNN then displays a photograph of a location on Cadman Plaza East in Brooklyn, New York (the "Photograph"), which I know to be the United States Attorney's Office for the Eastern District of New York. A Google search box which reads "us attorney eastern district new york office" is displayed in the Video above the Photograph.

13.     In the Video, while the Photograph is on the screen, GUNN states, in sum and substance and in relevant part, "That's where they at.  That's where they work at…We're going to storm they office.  We're gonna storm they office.  We going to storm

---

[2] The transcripts contained in this affidavit are in draft form and are subject to revision.  Moreover, the entirety of each excerpt has not been transcribed.

[Jane Doe-1], [Jane Doe-2], and [Jane Doe-3]. We're going to storm they office." GUNN further states, "[I]f you ain't got the stomach for the shit we bout to do, I'm asking that you just bail out." Shortly after, GUNN shares a video containing a scene from the 1991 crime drama movie "Boyz N The Hood." In the scene, four males ride in a vehicle. One of the males begins to load a firearm, and one of the males asks to be let out of the vehicle. The sound of a gunshot being fired can be heard.

14. Individual-1, whose identity is known to me and who has known GUNN for several years, has reviewed the Video and identified the Male Voice as GUNN. In addition, I have reviewed the Video and other publicly available social media video postings made by GUNN, and GUNN's voice, as captured in other publicly available social media video postings, closely resembles the Male Voice captured in the Video. Additionally, the Video depicts a profile photograph of GUNN and the username associated with the SUBJECT ACCOUNT, which GUNN has publicly identified as his own.

15. Furthermore, law enforcement analysis of GUNN's social media accounts have identified information, which I believe, based on my training, experience and participation in this investigation, to be a reference to GUNN's affiliation with the Kelly case. For example, on or about April 15, 2022, GUNN appeared in a YouTube Live video titled "R Kelly Propaganda PT46 (Who is Ann Donnelly & Whats Up with Nature Boy,Cash Out)" on the SUBJECT ACCOUNT (the "April 15, 2022 Video"). The April 15, 2022 Video includes the hashtags "#FreeRKelly," "#AnnDonelly," and "#KellzSteppas."[3] I

---

[3] In the context of Internet activity, a "hashtag" is a word or phrase preceded by the symbol # that classifies or categorizes the accompanying text (such as a tweet).

believe that "Ann Donnelly" and "AnnDonelly" refers to United States District Judge Ann M. Donnelly, who presided over Kelly's trial.  Approximately 4 hours, 8 minutes and 45 seconds into the April 15, 2022 Video, which was posted using the SUBJECT ACCOUNT, GUNN, while discussing, in sum and substance and in part, the proof required to prove firearm possession, displays what appears to be firearm.  A still photograph of the April 15, 2022 Video is included below:



16.     On or about June 24, 2022, GUNN posted the following message on the community tab of the SUBJECT ACCOUNT: "#TheEnterprise I have a spot for us allllll (sic) to link during the trial see you there."  A YouTube user comments "Cool free r Kelly," and another YouTube user comments, in sum and substance and in part, "Man Please Free Robert Sylvester Kelly AKA R Kelly…"  Based on my training, experience and participation in this investigation, as well as the timing and context of this conversation, I believe GUNN

is (1) referencing Kelly supporters ("TheEnterprise," "r Kelly," "Robert Sylvester Kelly AKA R Kelly"); (2) indicating he has a location within the Eastern District of New York for Kelly supporters to gather during the Kelly sentencing, then scheduled for June 29, 2022 ("I have a spot for us alllll (sic) to link during the trial"); and (3) declaring that he will be present in the Eastern District of New York at that time ("see you there").

17.     An analysis of records from Square Inc., managers of the mobile payment application CashApp, reveals approximately eight transactions between February 26, 2021 and June 1, 2022, which based on the investigation to date, indicates GUNN engaged in the sale of firearm ammunition in relation to the Kelly matter.  For example, on or about February 26, 2021, a CashApp user paid GUNN $20.00 for "30 rounds on the haters."  On or about August 22, 2021, a CashApp user paid GUNN $20.00 for "30 rounds.. free R kelly."  On or about June 1, 2022, a CashApp user paid GUNN $15.00 for "30 rounds."  Based on my training, experience and participation in this investigation, I believe the reference to "rounds" to be a reference to firearm ammunition.

18.     On or about March 27, 2021, GUNN appeared in a video which was live-streamed on YouTube on the SUBJECT ACCOUNT (the "March 2021 Video").  In the March 2021 Video,  GUNN points an object that is covered by a towel at the camera, then tucks the object inside of his jacket as music plays in the background.  Approximately 18 seconds into the March 2021 Video,  GUNN removes the towel from the object and points

what appears to be a revolver firearm at the camera.  What appears to be ammunition is seen

in the chamber of the revolver.  A still image from the March 2021 Video is included below:



19.     I have reviewed GUNN's criminal history, which has revealed in sum

and substance and in part, that on or about June 9, 2006, GUNN was convicted of Arson in

the Second Degree, in violation of Illinois Criminal Code 720 ILCS 5.0/20-1-A, a class 2

felony.  On or about June 9, 2006, GUNN was sentenced to 40 months of imprisonment and

36 months of special probation for his Arson conviction.

20.     On or about June 25, 2022, GUNN was arrested in the Northern

District of Illinois shortly after exiting his residence, and charged by complaint in the Eastern

District of New York with transmission of threats to injure, in violation of 18 U.S.C.

§ 875(c).  See 22-MJ-680.  After he was arrested, GUNN was interviewed by HSI special agents.  Prior to any questioning, HSI special agents advised GUNN of his Miranda rights; GUNN waived those rights and agreed to speak with the HSI special agents.  I subsequently spoke with GUNN by telephone.  During my conversation with GUNN, GUNN stated, in sum and substance and relevant part, that he is the user of the SUBJECT ACCOUNT, and that GUNN uses the SUBJECT ACCOUNT to post content on social media.  GUNN explained that he posts on the SUBJECT ACCOUNT from his cellular telephone device and computer, and that GUNN posts content to the SUBJECT ACCOUNT from various locations, including his residence.  When questioned about the Video, GUNN denied posting content on the SUBJECT ACCOUNT that utilized the phrase "storm they office."  GUNN also stated that some images on the SUBJECT ACCOUNT, which appears to show GUNN holding firearms, are from approximately 20 years ago.  GUNN admitted to being the individual holding (1) what appears to be a revolver on the SUBJECT ACCOUNT, but stated that the firearm was a prop gun, and (2) what appears to be a shotgun on the SUBJECT ACCOUNT, but stated that it was an air gun.  GUNN further stated that he no longer has possession of the prop gun or air gun.

21.    Based on my review of records obtained pursuant to a grand jury subpoena issued to Google, which owns YouTube, the SUBJECT ACCOUNT was created on April 22, 2020.  The user of the SUBJECT ACCOUNT provided the 1345 Number as its recovery telephone number and "getserious@ymail.com" as its recovery e-mail address.[4]

_____

[4] Based on the similarity between the email address GUNN provided on the September 3, 2021 overflow courtroom attendance log records from the United States

## BACKGROUND CONCERNING GOOGLE AND YOUTUBE

22.     Through my training and experience, I have learned that Google provides a variety of on-line services to the public.  Google offers a service called YouTube, which is an Internet forum that allows users to share, search for, view and comment on video content.   From my review of publicly available information provided by Google about YouTube, including Google's "Privacy Policy," in addition to my training and experience, I am aware of the following about YouTube and about the information collected and retained by Google in connection with that service.

23.     Users can access YouTube through the YouTube website or by using a special software application ("app") that allows users to access the service through a mobile device.

24.     Anyone can watch videos on YouTube.  However, a Google Account is necessary to take advantage of YouTube's customizable features.  For example, a Google Account enables users to "like" videos, save their favorite videos, subscribe to video channels, save videos to watch later, maintain a history of videos they've watched, and flag videos.  YouTube can also personalize video recommendations based on a user's video preferences and subscriptions.  All of this information is maintained by YouTube in a user's private profile.

25.     A Google Account is a single account that permits access to all of Google's services, including Gmail and YouTube.  Subscribers obtain a Google Account by registering with Google.  During the registration process, Google asks subscribers to provide

District Court for the Eastern District of New York ("Getserious@gmail.com") and "getserious@ymail.com," I believe that GUNN is the user of the SUBJECT ACCOUNT.

basic personal information.  Such information can include the subscriber's full name, physical address, telephone or SMS numbers and other identifiers, alternative or recovery email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.  Based on my training and my experience, even if subscribers insert false information to conceal their identity, I know that this information often provide clues to their identity, location or illicit activities.

26.    In order to upload a video, Google requires users to create a YouTube "channel."  In other words, without a channel, users have no public presence on YouTube. Although Google Accounts don't come with a YouTube channel by default, users with a Google Account can choose to create one.  To do so, Google only requires the user to input the name of the channel, identify a channel category, and agree to the Terms of Use.  When a user uploads a video, Google asks for a variety of information, including a category, title, description, "tag" (for keyword searches), and location.  Therefore, for every video that is posted on YouTube, Google maintains account information and associated records about the user that posted the video, in addition to the video itself.

27.    A video uploaded to YouTube is public by default.  This means that anyone can view the video by visiting YouTube.  However, a user can also change the privacy settings to permit only certain users to view a video.  A user can do this by "linking" their YouTube account with Google+, a social networking service provided by Google.  The user can then select the email addresses or profiles of other Google+ users with which the video

will be shared.  A user can also make a video "unlisted," which means that only those with a link to the video can view it.  Unlisted videos aren't visible to others who visit the channel page and generally do not show up in YouTube's search results.

28.     Videos and video channels on YouTube are assigned a "uniform resource locator" ("URL") that directs viewers to specific video content or a particular channel. The URL for a video generally consists of "www.youtube.com/watch" followed by a series of random alphanumeric characters.  The standard URL for a channel generally consists of "www.youtube.com/channel/" followed by the unique channel ID, or "www.youtube.com/user/" followed by the user's custom channel name.

29.     Based on my training and experience, I am aware that Google collects a variety of data on YouTube videos.  This includes, among other things, information for each time a video was watched and the comments and shares of a video.  Additionally, each time a video is watched, Google's servers automatically record logs that can include the page visited, the user's IP address, the date and time of the visit, "cookies" that uniquely identify the user's browser or Google account, and other information.

30.     Further, Google typically retains certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website), and other log files that reflect usage of the account.  In addition, Google often has records of the Internet Protocol address ("IP address") used to

register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

31. In addition, Google collects device-specific information (such as a user's hardware model, operating system version, unique device identifiers, and mobile network information including phone number), which it may associate with a user's Google Account. Google states that it may also collect and process information about a user's location, based on information including IP address, GPS, and other sensors that may, for example, provide Google with information on nearby devices, Wi-Fi access points and cell towers.

32. In my training and experience, in some cases, account users will communicate directly with a service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Google typically retains records about such communications, including records of contacts between the user and Google's support services, as well as records of any actions taken by Google or a user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

33. As explained herein, information stored in connection with a YouTube video, Google Account or Gmail account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from

14

further suspicion.  In my training and experience, the information stored in connection with an account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, communications, contact lists, and content uploaded or shared (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.

34.     Further, information maintained by the provider can show how and when the account was accessed or used.  For example, providers typically log the IP addresses from which users access the account along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video).  Last, stored electronic data may provide relevant insight into the account owner's state of mind as it relates to the offense under investigation. For example, information in the account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

35.     As explained above, Google maintains information given to it by users and subscribers, and also information that it collects from their use of its services.  Therefore, the computers of Google are likely to contain all the material described above, including stored

electronic communications and information concerning subscribers and their use of YouTube, such as account access information, transaction information, and subscriber information.

## CONCLUSION

36.     Based on the forgoing, I request that the Court issue the proposed search warrant.

37.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of these warrants.  The government will execute the warrant by serving it on Google.  Because the warrant will be served on Google, who will then compile the requested records at a time convenient to them, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

RYAN K
CHABOT

Digitally signed by
RYAN K CHABOT
Date: 2022.06.30
11:05:08 -04'00'

RYAN CHABOT
Special Agent
Department of Homeland Security

Subscribed and sworn to before me by telephone
on June 30 , 2022:

THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

*Property to be searched*

       This warrant applies to information associated with the Google and YouTube account with Channel ID UC3YHUGQHEEMIXGEQGSPM7MA and Account ID A35115125392335115253923 (the "Account") that is stored at premises controlled by Google, a company that accepts service of legal process at 1600 Amphitheater Parkway, Mountain View, California 94043.

## ATTACHMENT B

*Property to be Seized*

**I.    Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, videos, communications, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for the Account listed in Attachment A, for the period of time after February 26, 2021:

a.    All videos associated with the Account, including any deleted videos that are still in the Provider's possession, whether public, private or unlisted, including stored or preserved copies of such videos;

b.    All logs and records associated with the videos, all logs and records associated with the posting of the videos, to include Google accounts, channels, or other identifiers for the users who posted the identified videos;

c.    All records or other information regarding the identification of the account holder or channel associated with the identified videos, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status,

alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

       d.    All device-specific information (hardware model, operating system version, unique device identifiers, and mobile network information including phone number) and location information associated with the account or identifier, whether for registration or for each time the account was accessed or used to post the identified videos;

       e.    All records pertaining to communications between the Provider and any person regarding the identified videos, associated accounts or associated channels, including contacts with support services and records of actions taken;

       f.    All records or other information regarding the identification of the Account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the Account were created, the length of service, the IP address used to register the Account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

       g.    The types of service utilized;

       h.    All records or other information stored by an individual using the Account, including address books, contact and buddy lists, calendar data, pictures and files; and

i.      All records pertaining to communications between the Provider and any person regarding the Account, including contacts with support services and records of actions taken.

Google is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

**II.      Information to be seized by the government**

All information described in Sections I that constitute fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 875(c) (transmission of threats to injure), 115(a)(1)(B) (threatening to assault a United States official) and 922(g) (felon in possession of a firearm and ammunition), including information pertaining to the following matters:

a.  Association with Robert Sylvester Kelly also known as "R. Kelly;"

b.  Mobile payment applications, including CashApp;

c.  Evidence of the preparation for and commission of the Subject Offenses, as well as communications or correspondence of (1) the March 27, 2021 YouTube video depicting CHRISTOPHER GUNN; (2) the October 4, 2021 YouTube video titled "Get Real Familiar" and depicting CHRISTOPHER GUNN; and (3) the April 15, 2022 YouTube video titled "R Kelly Propaganda PT46 (Who is Ann Donnelly & Whats Up with Nature Boy,Cash Out);"

d.  Evidence regarding preparation for carrying out violence described in any interstate threat, including all firearms and ammunition, and any other evidence related to the possession, purchase, or Internet research into firearms

4

or ammunition, as well as communications or correspondence, evidencing a plan to harm prosecutors or judges in the Eastern District of New York;

e.   All data related to any planned or completed travel by CHRISTOPHER GUNN to or from the Eastern District of New York between September 2, 2021 and June 29, 2022;

f.   Evidence of the motivation for the Subject Offenses, including information evidencing animus against prosecutors or judges in the Eastern District of New York;

g.   Any and all communications and information concerning the possession, receipt, transfer, transmission, upload, download, publication or promotion of the videos;

h.   Evidence indicating how and when the Account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crimes under investigation and to the Account's user(s);

i.   Evidence indicating the state of mind of any user(s) of the Account as it relates to the crimes under investigation and to the accounts owner(s); and

j.   The identity of the person(s) who created or used the Account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this

5

electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH THE GOOGLE AND<br>YOUTUBE CHANNEL ID UC3YHUGQHEEMIXGEQGSPM7MA<br>AND ACCOUNT ID 351151253923 | )<br>)<br>)<br>)<br>)<br>) | Case No.   22-M-705 |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Northern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that—has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     July 14, 2022     *(not to exceed 14 days)*
❑ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     the Duty Magistrate Judge     .
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for ____ days *(not to exceed 30)* ❑ until, the facts justifying, the later specific date of     .

Date and time issued:     June 30, 2022  5:16 pm

*Judge's signature*

City and state:     Brooklyn, New York          Hon. Peggy Kuo          U.S.M.J.
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    22-MC-705 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                        _____
                                              *Executing officer's signature*

                                        _____
                                              *Printed name and title*

Print        Save As...        Reset

## **ATTACHMENT A**

*Property to be searched*

This warrant applies to information associated with the Google and YouTube account with Channel ID UC3YHUGQHEEMIXGEQGSPM7MA and Account ID A351151253923351151253923 (the "Account") that is stored at premises controlled by Google, a company that accepts service of legal process at 1600 Amphitheater Parkway, Mountain View, California 94043.

## ATTACHMENT B

*Property to be Seized*

**I.      Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, videos, communications, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for the Account listed in Attachment A, for the period of time after February 26, 2021:

a.      All videos associated with the Account, including any deleted videos that are still in the Provider's possession, whether public, private or unlisted, including stored or preserved copies of such videos;

b.      All logs and records associated with the videos, all logs and records associated with the posting of the videos, to include Google accounts, channels, or other identifiers for the users who posted the identified videos;

c.      All records or other information regarding the identification of the account holder or channel associated with the identified videos, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status,

2

alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

   d. All device-specific information (hardware model, operating system version, unique device identifiers, and mobile network information including phone number) and location information associated with the account or identifier, whether for registration or for each time the account was accessed or used to post the identified videos;

   e. All records pertaining to communications between the Provider and any person regarding the identified videos, associated accounts or associated channels, including contacts with support services and records of actions taken;

   f. All records or other information regarding the identification of the Account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the Account were created, the length of service, the IP address used to register the Account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

   g. The types of service utilized;

   h. All records or other information stored by an individual using the Account, including address books, contact and buddy lists, calendar data, pictures and files; and

i.      All records pertaining to communications between the Provider and any person regarding the Account, including contacts with support services and records of actions taken.

Google is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II.     Information to be seized by the government

All information described in Sections I that constitute fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 875(c) (transmission of threats to injure), 115(a)(1)(B) (threatening to assault a United States official) and 922(g) (felon in possession of a firearm and ammunition), including information pertaining to the following matters:

a.   Association with Robert Sylvester Kelly also known as "R. Kelly;"

b.   Mobile payment applications, including CashApp;

c.   Evidence of the preparation for and commission of the Subject Offenses, as well as communications or correspondence of (1) the March 27, 2021 YouTube video depicting CHRISTOPHER GUNN; (2) the October 4, 2021 YouTube video titled "Get Real Familiar" and depicting CHRISTOPHER GUNN; and (3) the April 15, 2022 YouTube video titled "R Kelly Propaganda PT46 (Who is Ann Donnelly & Whats Up with Nature Boy,Cash Out);"

d.   Evidence regarding preparation for carrying out violence described in any interstate threat, including all firearms and ammunition, and any other evidence related to the possession, purchase, or Internet research into firearms

4

or ammunition, as well as communications or correspondence, evidencing a plan to harm prosecutors or judges in the Eastern District of New York;

e.  All data related to any planned or completed travel by CHRISTOPHER GUNN to or from the Eastern District of New York between September 2, 2021 and June 29, 2022;

f.  Evidence of the motivation for the Subject Offenses, including information evidencing animus against prosecutors or judges in the Eastern District of New York;

g.  Any and all communications and information concerning the possession, receipt, transfer, transmission, upload, download, publication or promotion of the videos;

h.  Evidence indicating how and when the Account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crimes under investigation and to the Account's user(s);

i.  Evidence indicating the state of mind of any user(s) of the Account as it relates to the crimes under investigation and to the accounts owner(s); and

j.  The identity of the person(s) who created or used the Account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this

5

electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.